**STANLEY & PATTERSON, Inc., v. UNITED STATES.**

District Court, S. D. New York.

May 28, 1934.

Donald Horne, of New York City, for plaintiff.

Martin Conboy, U. S. Atty., of New York City (Ralph E. Stone, Asst. U. S. Atty., of New York City, of counsel), for the United States.

WOOLSEY, District Judge.

My judgment in this case is that the complaint must be dismissed, with costs.

I. The controversy herein primarily involves the plaintiff's return of income and profits tax for the calendar year 1919: This return was filed on May 27, 1920; and in it the plaintiff stated that its tax amounted to $931.97.

The return had been filed late, and the Commissioner of Internal Revenue assessed a penalty for that reason in the sum of $232.94, and, after an audit, on December 18, 1924, assessed an additional income tax for the year 1919 in the sum of $14,479.83.

The plaintiff's 1919 tax so assessed was paid as follows:

| | | | |
|---|---|---|---|
| May 27th, 1920 | By cash | $ | 230.00 |
| March 5th, 1924 | By credit for overpayment of 1918 tax—determined February 6th, 1924, on reassessment | | 33.96 |
| February 27th, 1925 | By credit for overpayment of 1920 tax—determined December 31st, 1924, on reassessment | | 2,330.65 |
| April 20th, 1928 | By cash | | 13,047.13 |
| | Total | | $15,411.80 |

By reason of the deferred payment last mentioned, interest thereon was assessed against the plaintiff in the sum of $5,017.96, and paid July 3, 1929.

II. On February 5, 1930, more than five years after the reassessment of plaintiff's taxes for the years 1918 and 1920, the plaintiff filed a claim for refund of its tax so paid for the year 1919.

On September 30, 1930, this refund claim was decided and the Commissioner of Internal Revenue issued a certificate of over-

assessment in which he determined that there was not any tax due from the plaintiff for the year 1919, but he refused to refund the plaintiff anything except the sum of $13,047.13, paid April 20, 1928, and the interest assessed by reason of the delayed payment thereof. That left unpaid the sum of $2,364.67, which is the amount claimed in this action.

The reason assigned in the certificate of overassessment for the refusal to make this payment was that it was barred by the statute of limitations. Cf. Title 26, United States Code, § 156 (26 USCA § 156).

III. The plaintiff, realizing that its claim for direct recovery of the taxes overpaid for 1918 and 1920 is outlawed, seeks to found its case here on the theory that the Commissioner of Internal Revenue, on September 30, 1930, by allowing part of the claim filed on February 5, 1930, and disallowing part of it on the ground that recovery of such part was barred by the statute of limitations just referred to, has stated an account which enables the plaintiff to get around the statute of limitations and recover the balance withheld by the Commissioner on the basis of a new cause of action created by the so-called account stated.

The theory on which an account stated starts a new limitation running is that from it a new promise is necessarily implied to pay the balance of the account.

It would be an absurdity to claim that a promise could be implied in this case to pay outlawed items when the document relied on as the statement of account itself expressly refuses to pay them.

I find, therefore, that the Commissioner of Internal Revenue was entirely right in the position which he has taken herein; that we have here an account settled, not an account stated (Cf. R. H. Stearns Company v. United States, 291 U. S. 54, 66, 54 S. Ct. 325, 78 L. Ed. 647); and that the plaintiff cannot maintain this action.

IV. As this action is brought under the so-called Tucker Act, title 28, United States Code, § 41 (20), 28 USCA § 41 (20), it will be necessary for me to file formal findings of fact and conclusions of law in accordance herewith. These may be submitted by the United States on five days' notice to the attorney for the plaintiff.

After the findings of fact and conclusions of law are filed, an order for judgment dismissing the complaint, with costs, may be submitted on the usual notice.